[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 29, 2005
THOMAS K. KAHN
CLERK

No. 05-11523
Non-Argument Calendar

_____

D. C. Docket No. 01-02633-CV-JOF-1

GREATER ATLANTA HOME BUILDERS
ASSOCIATION, INC.,
NATIONAL ASSOCIATION OF INDUSTRIAL
AND OFFICE PROPERTIES, INC.,

Plaintiffs-Appellants,

versus

CITY OF ATLANTA, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 29, 2005)

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

The Greater Atlanta Homebuilders Association, Inc. ("GAHBA") and the National Association of Industrial and Office Properties, Inc. ("NAIOP") appeal the district court's entry of summary judgment, based on lack of standing, in their action against the City of Atlanta, Georgia, concerning the City's alleged unlawful expenditure of development impact fees imposed by the City on new development projects.[1] In their complaint, Plaintiffs asserted, inter alia, that the City's application of the impact fee program violated the Takings Clause.[2] More specifically, Plaintiffs asserted that the City's expenditure of the collected fees amounted to an unconstitutional taking because the fees were used to encourage construction in undeveloped areas rather than to expand infrastructure to serve the fee-paying development projects. The district court entered summary judgment after concluding that the Plaintiffs, neither of which has ever paid an impact fee, did not have standing to bring claims on behalf of their members and, alternatively, that the claims were not ripe because Plaintiffs had not pursued available state law remedies.

On appeal, Plaintiffs argue the district court erred on both grounds. First, Plaintiffs assert they established associational standing to bring this suit on behalf of

---

[1] GAHBA's members must pay impact fees as a condition to development of single-family residences within the City. NAIOP's members must pay impact fees as a condition to development of commercial properties within the City.

[2] The Plaintiffs also asserted claims based on equal protection and substantive due process. The district court's dismissal of those claims is not at issue in this appeal.

their members, and that the district court's conclusion that the claim would require a review with respect to each individual member's circumstances was erroneous. Second, Plaintiffs contend that the district court erred in its ripeness analysis because their claims fall within an exception to the exhaustion requirement, given the inadequacy of the administrative remedy.[3] We review the district court's standing analysis de novo. See Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005).

After thorough review of the record and careful consideration of the parties' briefs, we affirm.

To have standing, and therefore a justiciable "case or controversy," Plaintiffs must establish that: (1) they have suffered a particularized, concrete injury to a legally protected interest (injury-in-fact); (2) the injury is fairly traceable to the challenged action (causation); and (3) it is likely that the injury may be redressed by judicial action (redressability). See Fla. Public Interest Research Group Citizen Lobby, Inc. v. E.P.A., 386 F.3d 1070, 1083 (11th Cir. 2004) (citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805 (11th Cir. 1993)). When the plaintiff is an association, as here, the plaintiff-association also must show: (1) its

---

[3] Based on our conclusion that the district court properly entered summary judgment based on a lack of standing, we do not reach the court's alternative basis for summary judgment, that the claims were not ripe.

members otherwise have standing to sue in their own right; (2) the interests the plaintiff-association seeks to protect are germane to the association's purpose; and (3) neither the claim asserted nor the relief requested must require the participation of the association's members. See Region 8 Forest, 993 F.2d at 805 n. 3.

The district court held that because not all of Plaintiffs' members had paid the impact fees and thus were affected differently, Plaintiffs could not establish the injury-in-fact component of the standing analysis, nor could they satisfy the third component for associational standing -- that is, the relief requested must not require the participation of the individual association members. The district court found the instant case indistinguishable from Georgia Cemetery Ass'n, Inc. v. Cox, 353 F.3d 1319 (11th Cir. 2003), in which we held that the named plaintiff did not have associational standing to bring an as-applied takings claim because such a claim "will vary depending upon the economic circumstances of each of its members" and, thus, required the participation of those members. Id. at 1322-23.

In this appeal, Plaintiffs attempt to distinguish this case from Georgia Cemetery on the same grounds they asserted in the district court. They primarily assert that because they challenge the City's expenditure of the funds after collection, as opposed to the collection itself, no individualized inquiry into each member's circumstances is necessary. They also claim that because they seek only injunctive

4

relief, they can bring their claims. We, too, find Georgia Cemetery dispositive of the associational standing inquiry. Like in that case, here, "the economic impact of [the Atlanta ordinance] will vary depending upon the economic circumstances of each of [the associations' members]." 353 F.3d at 1323. In making this determination at the summary judgment stage, a court considers the allegations of the complaint, as well as the Plaintiffs' proof on each element of standing. See Bischoff v. Osceola County, Fla., 222 F.3d 874, 878 (11th Cir. 2000) (observing "each element of standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation"). We recently held that "it is not enough that the plaintiff's complaint sets forth facts from which we could imagine an injury sufficient to satisfy Article III's standing requirements, since we should not speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none." Bochese, 405 F.3d at 976 (internal quotation marks and citation omitted) (emphasis in original).

By the very terms of the complaint, Plaintiffs' claims require the individualized inquiries discussed by the district court. Plaintiffs alleged that the City "unlawfully burden[ed] developers in the allocation of civic costs, thereby violating Plaintiffs' members' property rights." Because the alleged "unlawful burden" may, and likely

5

will, be different for each member depending on, among other things, whether that member has paid the impact fee or is exempt, the district court correctly denied associational standing. We, too, find deficient the Plaintiffs' proof on the associational-standing issue, which consisted of, <u>inter</u> <u>alia</u>, Plaintiffs' assertion that they had compiled lists of their members, including those that had paid or would pay the fee in the future. Just because individual members of the Plaintiff-associations may have standing to assert the claims here does not, in and of itself, establish that the associations themselves have standing. <u>Cf.</u> <u>Nat'l Parks Conservation Ass'n v. Norton</u>, 324 F.3d 1229, 1243 (11th Cir. 2003) (noting fact that "appellants' members possess Article III standing . . . does not confirm that appellants themselves may sue"). On this record, we affirm the district court's conclusion that Plaintiffs have not met their burden to establish associational standing to assert their takings claims.

**AFFIRMED.**

6