## A07A1152. NEWTON COUNTY HOME BUILDERS ASSOCIATION, INC. et al. v. NEWTON COUNTY.
### (648 SE2d 420)

JOHNSON, Presiding Judge.

The Supreme Court transferred this case to us after determining that the trial court's decision to deny equitable relief was ancillary to the issue of whether the appellants had standing to bring the disputed claim. For reasons that follow, we affirm the trial court's decision to deny equitable relief.

The facts necessary to resolve this appeal are not in dispute. On February 1, 2005, the Newton County Board of Commissioners adopted a development impact fee ordinance pursuant to the Georgia Development Impact Fee Act, OCGA § 36-71-1 et seq. The Board of Commissioners also adopted a Capital Improvement Element ("CIE") as required by the Act. Pursuant to the ordinance and the CIE, a permit applicant is required to pay an impact fee at the time a building permit is issued by Newton County. This fee is used to pay for the cost of future improvements with respect to the following impact fee facilities: libraries, parks and recreation, and roads and intersections. Impact fees are to be imposed on the development in proportion to the cost of system improvements that are reasonably related to the service demands and needs of the development.

The ordinance went into effect on March 16, 2005, at which time Newton County began collecting impact fees. On December 5, 2005, Newton County Home Builders Association, Inc. and Home Builders Association of Georgia, Inc. (collectively "homebuilders associations") sued Newton County, alleging the impact fee program was illegal for numerous reasons and seeking interlocutory relief to have all impact fee funds already collected and those funds collected in the future to be held in a common fund until the court determined whether the impact fee program was illegal. The underlying basis for most of the claims challenging Newton County's adoption of the ordinance was Newton County's alleged attempts to shift the burden of the impact

fees onto residential growth regardless of whether such a shift was supported by any data. However, these facts do not concern us in this appeal.

The only issue in this appeal concerns Count 6 of the homebuilders associations' complaint. Count 6 of the complaint specifically requests the immediate issuance of an interlocutory injunction directed to Newton County and requiring the following:

> (1) that Defendant be required to identify the specific amount of impact fees collected under the Ordinance since March 16, 2005; (2) that Defendant create an escrow account into which all Impact Fees collected under the Ordinance are deposited until the conclusion of this litigation; and (3) that this Court identify the escrow account as the beginning of a common fund from which Plaintiffs, and others similarly situated, may recover in the event this Court declares the fees illegal and that the monies must be returned, and attorney's fees recovered.

Newton County filed a partial motion for summary judgment with respect to Count 6 of the complaint, arguing that the homebuilders associations lacked standing to recover the impact fees for their individual members. The superior court granted the motion, and the homebuilders associations appealed. We find no error.

Both homebuilders associations admit they have not paid any impact fees to Newton County. Thus, they must base their standing on the claims of their individual members. Whether an association has standing to invoke the court's remedial powers on behalf of its members depends in substantial measure on the nature of the relief sought:

> If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured. Indeed, in all cases in which we have expressly recognized standing in associations to represent their members, the relief sought has been of this kind.[1]

Damage claims in which an association seeks relief on behalf of association members, however, are normally not allowed.[2] This is

---

[1] *Warth v. Seldin*, 422 U. S. 490, 515 (V) (B) (95 SC 2197, 45 LE2d 343) (1975).

[2] Id.

especially true where the damage claims are not common to the entire membership, nor shared by all in equal degree.[3]

Here, by seeking the collection of impact fees paid by their members and others similarly situated, the homebuilders associations are clearly seeking monetary damages. And, as in *Warth*, the damages are not common to the entire membership nor shared in equal degree. The homebuilders associations' membership includes not only home builders, but also real estate agents, retail supply stores, attorneys, banks and accountants. Many of those members are unaffected by the impact fees. In addition, those members affected will also be affected in varying degrees depending on the amount Newton County determined they owed as an impact fee. Because the economic impact of these fees will vary depending upon the economic circumstances of each of their members, the homebuilders associations cannot make the showing necessary for standing without the participation of their members.[4]

Moreover, not only do the homebuilders associations seek to recover the impact fees allegedly paid by certain of their members, but also impact fees paid by nonmembers. Count 6 specifically seeks "all Impact Fees collected under the Ordinance" so that the homebuilders associations "and others similarly situated" may recover such amounts in the future if the court finds the ordinance illegal. Even assuming the homebuilders associations in this case have associational standing to represent their members, they clearly do not have standing to represent nonmembers.[5] They cannot recover fees on behalf of unaffiliated nonparties.

The case relied upon by the homebuilders associations, *State of Ga. v. Private Truck Council of America*,[6] did not involve any issue regarding standing. It was a class action suit where all the members were included in the litigation; thus, amounts collected in the escrow account could be returned to individual members of the class. In addition, the escrow account only pertained to monies prospectively collected, not monies which had been collected in the past. The trial court in the present case did not err in granting Newton County's motion for partial summary judgment with respect to Count 6 of the complaint.

---

[3] Id. at 515-516.

[4] See *Greater Atlanta Home Builders Assn. v. City of Atlanta*, 149 Fed. Appx. 846 (11th Cir. 2005) ("Because the alleged 'unlawful burden' may, and likely will, be different for each member depending on, among other things, whether [each] member has paid the impact fee or is exempt, the district court correctly denied associational standing."); *Ga. Cemetery Assn. v. Cox*, 353 F3d 1319, 1322 (11th Cir. 2003).

[5] See *Aldridge v. Ga. Hospitality & Travel Assn.*, 251 Ga. 234, 236 (1) (304 SE2d 708) (1983) (outlining when an association has standing to bring a suit on behalf of its members).

[6] 258 Ga. 531 (371 SE2d 378) (1988).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 8, 2007 —
RECONSIDERATION DENIED JUNE 25, 2007 —

Page, Scrantom, Sprouse, Tucker & Ford, *Travis C. Hargrove,
Deron R. Hicks*, for appellants.

Brinson, Askew, Berry, Seigler, Richardson & Davis, *J. Anderson
Davis,* Norman S. Fletcher, Cook, Noell, Tolley, Bates & Michael,
*Edward D. Tolley, William T. Craig*, for appellee.